## Benjamin F. McAtee v. Nettie McAtee.

1. CONTEMPT—*when defendant in, for failure to pay alimony.* Notwithstanding, upon a proceeding to show cause, the defendant has testified that he was of the age of sixty-five years, had no property but his clothing, no money, and was unable to work because of heart trouble, yet where it likewise appears upon his cross-examination that just prior to his marriage and after suit had been brought against him by his wife for breach of promise of marriage, he conveyed all his real estate and personal property to his children upon condition that they would support him, pay all his debts and " furnish him such money along as he might need," he is obligated to pay alimony, and his failure to comply with an order of court requiring him so to do leaves him in contempt.

Separate maintenance proceeding. Error to the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

JOHN C. SNIGG and JOHN F. ARMSTRONG, for plaintiff in error.

JAMES E. DOWLING and E. L. CHAPIN, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill for separate maintenance filed by appellee against appellant. After the issues were joined but before a reference or hearing was had thereon, the Circuit Court ordered that the defendant pay to the complainant the sum of $50 as solicitor's fees to enable her to prosecute her suit. The defendant failed to comply with such order and was thereupon ruled to show cause by a certain day, why he should not be attached for contempt of court.

On the return day of the rule the court heard the testimony of the defendant and found that he had not shown sufficient excuse for failure to comply with the order; and further ordered that he comply with the same on or before another certain day, and that upon his failure to do so, he be committed to the county jail of the county, until such

order was complied with, or until otherwise discharged by due process of law. The defendant prayed an appeal from said order to this court.

On the hearing upon the rule to show cause, appellant testified that he was sixty-five years of age, that he had no property but his clothing, and no money, and that he was unable to work because of heart trouble. He further testified, on cross-examination, that two months prior to his marriage to appellee, and after she had brought suit against him for breach of promise, he conveyed all his real estate and personal property, which was worth from $16,000 to $17,000, to his children, upon condition that they would support him, pay all his debts, and "furnish him such money along as he might need."

Counsel for appellant contend that inasmuch as the testimony of appellant shows that he had no money or property and was unable to work, it was error to adjudge him guilty of contempt for failing to do that which was beyond his power. It is true that courts will not adjudge a defendant guilty of contempt for not doing an impossibility, nor for not doing what it is not in his power to do, unless he has voluntarily and contumaciously disabled himself to do the act.

Waiving the question as to whether the conveyance by appellant to his children, of his entire estate, was not in fraud of the marital rights of appellee, and therefore subject to be set aside in a court of equity, which we do not deem necessary to decide, we are of opinion that under the contract with his children to pay him such money as he might need, they can be compelled by a proper proceeding, to furnish him with sufficient funds to comply with the order of court. Under the terms of the contract they are bound to at least supply him with such money as he may reasonably require. With punishment for contempt of court, by imprisonment, confronting him, he certainly reasonably needs such money as will purge him of contempt and relieve him of the consequences.

The decree of the court should be and is affirmed.

*Affirmed.*