(No. 12494.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNON ELBERT, Plaintiff in Error.

*Opinion filed April 15, 1919.*

1. HUSBAND AND WIFE—*purpose of act of 1915, making it a misdemeanor to fail to support destitute wife or child.* The act of 1915, making it a misdemeanor for a husband to neglect or refuse to support his destitute wife or child, was passed primarily in the interest of necessitous and destitute wives and children, and the State is interested only incidentally in the prosecution under the act.

2. SAME—*contempt proceeding under section 3 of act making it a misdemeanor to fail to support wife is for civil contempt.* The contempt proceeding under section 3 of the act of 1915, making it a misdemeanor for a husband to fail to support his destitute wife or child, is a proceeding in the interest of the wife or child abandoned and should be treated as a proceeding for a civil contempt.

3. CONTEMPT—*distinction between criminal and civil contempts.* Prosecutions for criminal contempts are instituted for the purpose of punishing a person for misconduct in the presence of the court or with respect to its authority or dignity, but when prosecutions for contempt are instituted for the purpose of affording relief between private parties the prosecutions are for civil contempts and are sometimes called remedial.

4. SAME—*when contempts may be punished as either civil or criminal.* In cases where the distinction between acts constituting criminal and those constituting civil contempts is not clearly defined they may be treated as either civil or criminal contempts.

5. APPEALS AND ERRORS—*when Appellate Court should not dismiss appeal as being in a criminal proceeding.* Where no motion is made in the Appellate Court to dismiss an appeal on the ground that a writ of error and not an appeal is the proper remedy, and the appellee joins in error, the case should be treated and heard by the Appellate Court as being before the court on a writ of error, whether the appeal is taken in a proceeding which is criminal or civil in form.

6. SAME—*when cause will be remanded to Appellate Court for judgment on errors assigned.* The questions involved and considered by the Appellate Court in dismissing an appeal or writ of error are the only questions presented to the Supreme Court on further review, and if the Supreme Court is of the opinion that the Appellate Court should have considered the case on its merits, the order of dismissal will be reversed and the cause remanded to the Appellate Court for further consideration and judgment on the errors assigned.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

BARRY & MORRISSEY, for plaintiff in error.

MILES K. YOUNG, State's Attorney, and W. B. LEACH, (SIGMUND LIVINGSTON, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The State's attorney filed an information in the county court of McLean county on April 12, 1917, charging plaintiff in error, Vernon Elbert, in two counts, with neglecting and refusing to provide and support his wife and minor child, leaving them in necessitous circumstances. Upon a motion for support *pendente lite* of his wife, Imogene, and his child, the court on May 11, 1917, entered an order re-

quiring plaintiff in error to pay $35 per month to his wife for the support of her and her minor child. Upon his default in payment of a part of said amount to her, his wife filed a petition for a citation to compel him to show cause why he should not be punished for contempt for violation of the order of the court. A citation was issued on July 21, 1917. Plaintiff in error filed his sworn answer, in which he set up facts tending to show that since the entry of said order he had suffered disease and by reason of his physical condition and the smallness of his earnings he was unable to pay the alimony, and also tending to show that he had paid her money and property which in value exceeded the amount of alimony he was to pay. In addition to the sworn answer, evidence was heard on the part of both plaintiff in error and his wife, the evidence by the wife tending to show ability to pay and a studied intent on his part to willfully avoid paying said alimony. The court ordered that plaintiff in error stand committed to the county jail for thirty days or until the order of the court for the payment of alimony be complied with, and that he pay the costs. Plaintiff in error prayed and perfected an appeal to the Appellate Court for the Third District. His wife joined in error and argued the case on its merits in the Appellate Court, but that court of its own motion dismissed the appeal on the ground that the contempt is a criminal contempt, and that a writ of error, and not an appeal, is the proper procedure for the review of such an order. Plaintiff in error then petitioned this court for a writ of *certiorari,* and the same was allowed.

Section 1 of the act under which plaintiff in error was prosecuted provides a penalty not to exceed $600, or imprisonment in the county jail, house of correction or workhouse not to exceed one year, or by both such fine and imprisonment, as punishment upon any person who shall without any reasonable cause neglect or refuse to provide for the support or maintenance of his wife when in necessitous

circumstances, or who shall without lawful excuse desert or neglect or refuse to provide support or maintenance for his child or children under the age of eighteen years and in necessitous circumstances, and declares such offenses misdemeanors, which may be prosecuted by indictment or information. The other parts of the statute material in this consideration are the following:

"Sec. 3. At any time before the trial, upon motion of the complainant and upon notice to the defendant, the court at any time or a judge thereof in vacation, may enter such temporary order as may seem just, providing for the support or maintenance of the wife or child or children of the defendant, or both, *pendente lite,* and may for violation of such order punish the offender as for a contempt of court.

"Sec. 4. Whenever a fine shall be imposed, it may be directed by the court to be paid, in whole or in part, to the wife or to the guardian or custodian of the minor child or children: *Provided,* that before the trial with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty provided in this act, or in addition thereto the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court from time to time as circumstances may require, directing the defendant to pay a certain sum periodically for a term not exceeding one year, to the wife or to the guardian or custodian of the said minor child or children, or to an organization or individual approved by the court as trustee; and shall also have the power to relieve defendant from custody on probation for the period fixed in the order of judgment upon his or her entering into a recognizance, with or without surety, in such sum as the court or a judge thereof in vacation, may order and approve. The condition of the recognizance shall be such that if the defendant shall make his or her personal appear-

ance in court whenever ordered to do so by said court, at such period as may be fixed, within one year, and shall further comply with the terms of such order of support, or of any subsequent modification thereof, then such recognizance shall be void; otherwise in full force and effect.

"Sec. 5. If the court be satisfied by testimony in open court, that at any time during said period of one year the defendant has violated the terms of such order, it may forthwith proceed with the trial of the defendant under the original charge, or sentence him or her under the original conviction, or enforce the suspended sentence, as the case may be. In case of forfeiture of recognizance, and enforcement thereof by execution, the sum so recovered may, in the discretion of the court, be paid, in whole or in part, to the wife, or to the guardian or custodian or trustee of the said minor child or children." (Laws of 1915, p. 470.)

Other sections of the act declare said offenses shall be construed to be continuing offenses, and that for a violation thereof against his wife's rights the offender may be prosecuted at any time during the existence of the marriage relation, and that for any such offense against his child or children's rights he may be prosecuted at any time until said child or children reach the age of eighteen years.

By the provisions of said act it is clear that it was passed primarily in the interest of necessitous and destitute wives and children of husbands who may desert them and refuse to support them. The entire fine imposed on the husband for an offense thereunder may be directed by the court to be paid, in whole or in part, to the wife or to the custodian of the minor child deserted. The orders of the court are subject to change at any time, and the court has the power to change the same if by such change the orders may better protect the wife and minor child. The State is only interested incidentally in the prosecution under this statute. The entire penalty imposed by the court in favor of the State

may be removed if the defendant provide the required guaranty that he will support his wife and child as ordered. The contempt proceeding under section 3 is a proceeding primarily in the interest of the wife and child that are abandoned, and it is clearly evident that prosecutions for contempt thereunder would be much more effectual if the contempt be treated as a civil contempt. Both parties, without objection, treated the contempt proceeding as a civil proceeding in the trial court and also in the Appellate Court. The plaintiff in error in this court insists that the contempt should be treated as a civil contempt, and we think that in this contention he is right.

The distinction between civil and criminal contempts has been frequently made by this court. Prosecutions for criminal contempts are usually those which are instituted for the purpose of punishing a person for misconduct in the presence of the court or with respect to its authority or dignity. When instituted for. the purpose of affording relief between private parties the prosecutions are for civil contempts and are sometimes called remedial. (*Hake* v. *People*, 230 Ill. 174; *O'Brien* v. *People*, 216 id. 354.) The dividing line between the acts constituting criminal and those constituting civil contempts becomes indistinct in those cases where the two gradually merge into each other. In those cases contempts have been classified and punished by the courts in some jurisdictions as criminal contempts and in others as civil contempts. Some courts adhere to the rule defining them as civil or criminal contempts, according to the character of the suit in which they occur, designating them as civil contempts if the original suit is a civil suit and as criminal contempts if they arise in an original suit criminal in form. In most cases where they thus rest on the boundary line they are both civil and criminal contempts, and so far as the rights of the contemnors are concerned may be punished as either. (7 Am. & Eng. Ency. of Law,—2d ed.—28.) Inasmuch as the prosecutions un-

der said act are primarily and almost entirely for the benefit of necessitous and destitute wives and children abandoned by their husbands and fathers, we are clearly of the opinion that the contempt proceedings may be properly treated as for civil contempts, and that such interpretation is the cnly one that will render the provisions of section 3 effective to the fullest extent as contemplated·by the statute.

Where there is no motion to dismiss an appeal on the ground that an appeal does not lie because a writ of error is the proper remedy, if the appellee joins in error the case should be treated and heard as being before the court on a writ of error, whether the appeal is taken in a suit criminal in form or in form civil. (*Graff* v. *People,* 208 Ill. 312; *Town of Pleasant Hill* v. *Stark,* 277 id. 302.) The Appellate Court erred in dismissing the appeal and in treating the contempt proceedings as for a criminal contempt.

Where the Appellate Court dismisses an appeal or writ of error, the questions involved and considered by the Appellate Court in dismissing such appeal or writ of error are the only questions presented to this court on appeal or writ of error to the Appellate Court. If this court finds that the Appellate Court should have considered the case on the merits,˙as we do in this case, and that correct practice requires that the order of dismissal be reversed, the cause should be remanded to that court with instructions to find upon the issues of fact and render final judgment on the errors assigned. If it should be determined that the order of dismissal was right then such order should be affirmed. *Oswald* v. *Wolf,* 126 Ill. 542; *Berry* v. *Turner,* 279 id. 338.

The order and judgment of the Appellate Court dismissing the appeal at plaintiff in error's cost are therefore reversed and the cause remanded, with directions to the Appellate Court to find upon the issues of fact and render judgment on the errors assigned in that court.

*Reversed and remanded, with directions.*