(No. 23479.—)

EDWARD O. TUDOR, Appellee, *vs.* RUSSELL FIREBAUGH, Appellant.

*Opinion filed October 14, 1936.*

WILLIAM SHERMAN STAHL, for appellant.

MAXWELL L. RUBIN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This court granted leave to appeal from the judgment order of the Appellate Court for the First District affirming a decretal order of the superior court of Cook county adjudging appellant guilty of willful contempt of court for failure and refusal to pay to appellee, as successor trustee, the sum of $14,629, as decreed on July 5, 1934, and ordering him confined in the county jail until said sum is paid.

May 15, 1925, Antonio Bondi and wife and others executed a trust deed conveying to appellant, as trustee, property known as the northwest corner of Central avenue and West Adams street, Chicago, to secure a bond issue of $170,000. On February 1, 1930, appellant, as trustee under said trust deed, took possession and operated and managed the property until January 14, 1933, during which time he collected $51,496.75 of the rents, issues and profits of said property. On January 20, 1933, he resigned as trustee and surrendered possession of the premises to E. Ray Grant as his successor trustee. On February 7, 1934, Grant, as successor trustee, filed a complaint alleging that appellant had refused to account for the rents, issues and profits of said premises to the amount of $14,629 collected by him as such trustee, and prayed that appellant be required by decree to pay to appellee that sum, and that the court by appropriate orders compel such payment. Appellant answered, alleging that as trustee under said trust deed he had declared the entire amount, principal and interest, secured by said trust deed to be in default, and that he, as trustee, by and through the Bond and Mortgage Company, his depositary agent under the terms of the trust deed, entered into possession of said premises and continued in possession thereof, all as he was authorized by the trust deed to do, until January 17, 1933, when the superior court of Cook county, under a petition to foreclose the trust deed, appointed Frank J. Spencer receiver for said real estate; that the rents and issues collected by the Bond and Mortgage Company as his agent and

depository were deposited with the Bond and Mortgage Company pursuant to the terms of the trust deed and by said company deposited in the Continental Illinois National Bank and Trust Company; that under a proceeding in the United States District Court for the Northern District of Illinois, Chester A. Willoughby was appointed receiver for the said Bond and Mortgage Company, and by order of that court the $14,629.95 deposited by said Bond and Mortgage Company in the Continental Illinois National Bank and Trust Company was turned over to Willoughby as receiver; that appellee, as successor trustee, filed an intervening petition in said United States District Court claiming said sum of $14,629 as successor in trust to appellant, and that said intervening petition is still undetermined. After a hearing the chancellor entered a decree finding that appellant was and is acting in a fiduciary capacity toward the beneficiaries of the trust; that he has retained and failed to account for, as trustee under said trust deed, the sum of $14,629; that he is unable to pay his just debts in the ordinary course of business and is insolvent, and that Logan L. Mullins was appointed receiver for the property of appellant. The decree ordered that appellant, individually and as trustee, pay or cause to be paid to appellee, within ten days, the sum of $14,629, with interest at five per cent from February 28, 1933, and with costs. The chancellor reserved jurisdiction for the purpose of enforcing the decree by means of every appropriate remedy and process and for the purpose of punishing appellant as for contempt of court in the event of his failure, neglect or refusal to perform or obey the same. On August 4, 1934, appellee filed his petition for a citation against appellant to require him to show cause why he should not be adjudged in contempt of court for failure to pay appellee said sum of $14,629. An order to show cause within seven days was entered. Appellant answered the petition, alleging that he had no money with which to make payment of said $14,629, with interest and costs, or

any part or portion thereof; that he did not have at the time of the entry of the decree, and had not since, any money or funds with which to make payment and is unable to obtain the money, and that he owns no property out of which he could realize any money with which to make payment. He listed what property he owned, and offered to turn over the same to any person the court might direct. He also set up the collection of said $14,629 by the Bond and Mortgage Company, the appointment of a receiver for said Bond and Mortgage Company and jurisdiction over it by the United States District Court, and denied that he at any time had said $14,629. He alleged that he permitted the said Bond and Mortgage Company to collect the rents under the belief, supported by the opinion of his attorneys, that under the terms and provisions of the trust deed said Bond and Mortgage Company was authorized to receive the rents, issues and profits from said premises, after condition broken, as agent for the holders of the bonds for which said trust deed was given as security. He alleged that the court erred in entering a decree requiring him to pay said sum; that he had served notice of appeal; that he had not willfully failed and refused to comply with said decree, and that his failure to comply therewith was due to the fact that it was impossible for him to perform. The chancellor found and adjudged appellant guilty of willful contempt of court by reason of his refusal to obey said decree of July 5, 1934, and committed him to the common jail of Cook county until he paid said sum of $14,629 as required by said decree or until he is otherwise discharged by due process of law. The Appellate Court affirmed the order.

To reverse the judgment of the Appellate Court and the order of commitment of the superior court appellant urges the following errors: (1) Appellant could not properly be punished for contempt of court for failing to pay over to Grant $14,629 in accordance with the decree of July 5, 1934, when it specially appeared that he did not

have the money at that time and could not comply with the decree; (2) the determination of the civil suit did not constitute an adjudication of appellant's defense to the contempt proceeding; (3) even though the deposit of the money with the Bond and Mortgage Company might not constitute a defense to the legal liability, such deposit long prior to the institution of the original proceeding by Grant could not constitute a contempt of court. Our view concerning the first of these assignments of error is conclusive of this case.

Appellee insists that the power to punish for contempt is inherent in every court of justice independent of statutory provisions, and that paragraph 42 of chapter 22 (State Bar Stat. 1935, p. 235,) authorizes a court of equity, upon complaint confessed or upon hearing, to enforce its decree either by sequestration of real and personal property or by fine or imprisonment, or both, and by the exercise of such other powers as pertain to courts of chancery and which may be necessary for the attainment of justice, and that a court of equity has power and right to commit for contempt on failure to comply with its decree. As a general proposition of law this is correct. The power of a court of equity to punish for contempt by imprisonment upon the refusal of a trustee to pay over money actually received and wrongfully withheld is well established. (*People* v. *LaMothe*, 331 Ill. 351; *Chew's Appeal*, 44 Pa. 247; *In re Meggett*, 105 Wis. 291, 81 N. W. 419.) It is no defense in such case that the fund has been devoted to other purposes. (*People* v. *Zimmer*, 238 Ill. 607; *Rudd* v. *Rudd*, 184 Ky. 400, 214 S. W. 791; *Jastram* v. *McAuslan*, 29 R. I. 390, 71 Atl. 454; *Wise* v. *Chaney*, 67 Iowa, 73, 24 N. W. 599.) However, section 12 of article 2 of the constitution provides that "no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud."

In the enforcement of this constitutional provision every doubt should be resolved in favor of the liberty of the citizen. No one should be imprisoned for a failure to pay money unless the evidence clearly shows that the party charged has the money within his power to pay, or that he had the money and wrongfully disposed of it. Courts may imprison for willful defiance, but they will not imprison for a failure to comply with a decree where the disobedience is not willful. *People* v. *LaMothe, supra; Blake* v. *People,* 80 Ill. 11; *Dinet* v. *People,* 73 id. 183; *O'Callaghan* v. *O'Callaghan,* 69 id. 552.

Though a court of chancery has the power to commit for failure to comply with any of its decrees, yet where there is no other ground for holding the defendant in contempt, the remedy is harsh and should be resorted to only where there are no other reasonable means by which the decree may be enforced. A large class of money decrees come within the constitutional prohibition against imprisonment unless there be fraud on the part of the debtor or he shall refuse to surrender his property for the satisfaction of his debts. In view of the regard shown in the fundamental law for the liberty of the citizen, the enforcement of decrees by imprisonment should be limited to cases of necessity, only. Such is in accordance with the spirit that dictated the constitutional restriction as well as with the letter of that provision. Courts of equity proceed upon the principles of justice applicable alike to liberty and to property rights. We are of the opinion that the statute cited should not be construed to authorize a court of equity to imprison in the first instance merely because of failure to pay its money decree. *Goodwillie* v. *Millimann,* 56 Ill. 523.

Where imprisonments have been sustained, the facts showed that the party charged actually had the money in his hands or had wrongfully disposed of it. No decision of this court upholding commitment for contempt is based upon a constructive possession of the money because of the

defendant's association with the person who had actually and properly received the money. No man can be legally imprisoned for a failure to pay over money he does not have and never had. (*People* v. *LaMothe, supra.*) In *O'Callaghan* v. *O'Callaghan, supra,* it was said: "The court is empowered to punish willful obstinacy in such cases by imprisonment, but we think the spirit of our constitution forbids that the pecuniary inability of the party, not resulting from his fraudulent conduct to produce that condition, cannot be punished as a contempt by imprisonment."

Where the neglect or refusal to perform the decree is not from mere contumacy but from the want of means—the result of misfortune not induced by any fraudulent conduct on the part of the defendant—the party will be compelled to adopt some mode consistent with practice in the courts, other than imprisonment, to enforce the decree either by execution or other final process, by sequestration of real or personal estate, or by the exercise of such other powers as pertain to courts of chancery and which may be necessary to the attainment of justice. Imprisonment for non-compliance with a decree to pay money, unless willful, or unless upon a refusal of defendant, upon proper demand made, to deliver up his estate in satisfaction of the decree, is within the inhibition of the constitution against imprisonment for debt. (*Blake* v. *People, supra.*) Of such is the case before us. The record shows that appellant was a trustee, not by appointment of the court but by appointment of the grantors in said trust deed; that the Bond and Mortgage Company was not only named in the trust deed as the depositary and agent of the bondholders but of appellant as trustee; that the Bond and Mortgage Company acted as the agent of appellant, collected the rents and deposited them in the Continental Illinois National Bank and Trust Company; that the United States District Court appointed a receiver for the Bond and Mortgage Company, and that appellee, as successor in trust under said trust deed, filed his

intervening petition in the receivership of said Bond and Mortgage Company claiming the deposit. It also shows that appellant's refusal to pay the $14,629 was not willful but resulted from the fact that he never had said sum in his possession, as it was always in the hands of the Bond and Mortgage Company and its receiver and beyond his control. It also shows that appellant was insolvent and a receiver had been appointed by the chancellor for all his property.

The decretal order of the superior court and the order of the Appellate Court affirming the same are erroneous. They are accordingly reversed and appellant ordered discharged.

*Orders of superior and Appellate Courts reversed.*