**Syble Adolph White, Appellee, v. Eugene Adolph, Appellant.**

**Gen. No. 9,221.**

Heard in this court at the January term, 1940. Opinion filed April 15, 1940.

F. R. WILEY, of Decatur, for appellant.

L. E. STEPHENSON, of Decatur, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order or decree of the circuit court of Macon county entered July 25, 1939, finding the defendant appellant guilty of contempt of court and sentencing him to imprisonment in the county jail for a period of nine months because of his failure to comply with the decree of that court.

On April 14, 1939, the plaintiff appellee filed a petition in the circuit court asking for a rule on the appellant to show cause why he should not be adjudged in contempt of court for not paying support money for a minor child. The petition recites that she was granted a decree of divorce from the appellant by the said court of Macon county at the October term, A. D. 1928; that she has since remarried and that her name is now Syble Adolph White. The decree awarded her the custody of their child, Russell Lee Adolph, and ordered the appellant to pay $5 a week for his support.

She alleges that in 1930, she cited defendant appellant into court for contempt for not making such payments; that she again cited him in for the same reason in 1935; that after a hearing on the latter petition, an order was entered by the court reducing the weekly payments to $1 per week; that the appellant at the time of filing the present petition was in arrears more than 150 weeks, and that he had only paid $17 since the payments were reduced to $1 per week. On July 12, 1939, the court set the case for hearing on July 17, 1939.

At the hearing the appellee testified that the appellant was in arrears a total sum of $2,010, and since the payments were reduced to $1 per week the sum of $177; that she was remarried and that her husband was a draftsman for the A. E. Staley Mfg. Co., in Decatur; that the child was 13 years of age and needed medical care and that she knew nothing whatever about her husband's financial circumstances. The decree of divorce and the files in the case were also introduced in evidence.

The appellant testified at the same hearing and stated that he had also remarried, and was still living with the second wife and that they had two children, one three and one seven years old; that he had no work during the last part of 1935, and none in 1936 and in 1937 and was on relief most of the time during that period; that in August 1938 he secured work as an extra truck driver at $5 per week; that in November 1938, this was raised to $15 per week and beginning January 1, 1939 to $20 per week; that he was obliged to pay his expenses out of such pay amounting to $1 to $1.25 per day; that he had no property, except furniture for three rooms, and no other source of income; that his wife had no employment and no property.

At the close of the hearing the appellant was found guilty of contempt for failure to comply with the decree of the court and sentenced to jail for nine months and ordered to pay the costs of the hearing.

The appellant complains of the order or decree because he says it does not set out any facts showing just how he wilfully disobeyed any decree of the court; because it makes no finding of how much he was in arrears in his payments nor how much he could have paid, and that it makes no provision as to how he can purge himself by making payment of arrearages and costs. Our courts hold that the power of a court of chancery to enforce its decree for alimony by attachment for contempt, and by the imprisonment of the defendant for such contempt is limited to a wilful and contumacious refusal to obey the order of the court. *Mesirow v. Mesirow,* 346 Ill. 219; *Igney v. Igney,* 303 Ill. App. 563. It is not a contempt of court to fail to pay money which one neither has nor can obtain and which he has not causelessly either put out of his hands or failed to receive. *Schuele v. Schuele,* 57 Ill. App. 189; *Blake v. People,* 80 Ill. 11.

In the *Mesirow* case, *supra,* the order provided that the defendant be committed to jail until he should have complied with the decree of the court respecting alimony. In the *Igney* case, *supra,* the defendant was found to be heavily in arrears, but the rule was discharged because the defendant was found to be not guilty of a wilful and contumacious refusal to obey the decree.

In the present case, the order merely provided that the appellant was guilty of contempt for failure to comply with the decree of the court and sentenced to jail for nine months. From the proof, it is clear that he was entirely unable to pay all of the arrearages that had accrued under the original decree or even under the extremely modest order of $1 per week entered in 1935. After appellant's pay had been raised to $20 per week early in 1939, we believe he could and should have met the weekly payment even though it be debatable as to whether or not he could have paid anything on the arrears.

We believe, therefore, that while it may have been perfectly proper for the court to find the appellant guilty of contempt, before he could imprison the appellant, he should have found that such failure to pay amounted to a wilful and contumacious refusal to obey the order of the court. We think such order should also provide the amount to be paid by the appellant, according to his ability to meet payment, and to have provided the terms upon which the balance due should be paid, so that by satisfying the order the appellant could purge himself of contempt and be discharged from jail.

The failure to include such essential elements in the order constituted defects which, in our opinion, did not warrant the commitment of the appellant to jail for nine months and the order of the trial court is therefore reversed.

*Reversed.*