GRACE E. TODD, Plaintiff-Appellee *vs.* JAMES H. ARBUCKLE, Defendant-Appellant.

(No. 11359; ■

Fourth District—August 3, 1971.

James Evans, Thomas J. Gordon, and Frank J. Kopecky, all of Champaign, for appellant.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from an order committing him to the county jail for 30 days for failure to make monthly payments on the dates and at the times directed by an order entered pursuant to a citation for the discovery of assets. The order finds that the failure to make the payments was willful and contumacious and that the defendant is in contempt of court. It was then ordered "that the defendant, James H. Arbuckle be, and he is hereby, committed to the Douglas County jail, Douglas County, Illinois, for a period of 30 days."

Plaintiff obtained a judgment against the defendant for $4,640.00 on February 25, 1969. On November 18, 1969, the court entered an order for the defendant to pay $140.00 per month on this judgment beginning

December 1, and the like sum on the first day of each month thereafter. On March 6, 1970, a petition for citation was filed asserting a deficiency of $280.00. On that same day, a rule was entered on the defendant to show cause. On April 15, 1970, the defendant was adjudged a bankrupt. On April 28, a citation was called for hearing, evidence was taken and the contempt order was entered. The plaintiff-appellee has not followed the appeal or filed a brief in this court.

 Inasmuch as this record shows the judgment order to be fatally defective in two respects, a recitation of facts concerning the defendant's ability or inability to pay becomes immaterial. The thirty-day jail sentence appears to be an imposition of a sanction authorized by Supreme Court Rule 277(h) which provides that a defendant "may be committed until he has complied with the order or is discharged by due course of law." (Ill. Rev. Stat. 1969. ch. 110A, § 277(h).) Assuming without deciding that the evidence warranted the finding of willful and contumacious refusal to obey the order of the court, we think that that order should have specified what the defendant was required to do, and provide the terms upon which the balance due should be paid so that by satisfying the order the appellant could purge himself of contempt and be discharged from jail.) See *White v. Adolph,* 305 Ill.App. 76, 26 N.E.2d 993.) While *White* was decided long before the present Supreme Court rule was adopted, it seems to us that its philosophy is correct and an order providing for a jail sentence for noncompliance with an order of court to pay a money judgment should within its four corners set out the terms upon which a contempt may be purged and the defendant released from jail. Citations to discover assets seek compliance, not punishment.

In *LaRue v. LaRue,* 341 Ill.App. 411, 93 N.E.2d 823, a like situation existed. In that case in a divorce proceedings, it appeared that the wife had loaned her husband $1,300.00 and as a part of the divorce decree he was ordered to repay the loan. He filed in bankruptcy on April 18. On April 29, his wife filed the petition for rule to show cause why he should not be punished for contempt of court for refusal to pay the loan. In that case the court observed that it is well settled that upon an adjudication in bankruptcy, title to the bankrupt property vests in the trustee of bankruptcy as of the date of filing the petition and the bankruptcy court has exclusive jurisdiction and possession and control of the estate of the bankrupt which cannot be affected by proceedings in the state court. Here, as there, the commitment to jail was for failure to pay a civil debt dischargeable in bankrupty. There, as here, the order committing the defendant to jail for nine months for contempt of court was reversed. In *White,* the failure to provide a means whereby the defendant could

purge himself of contempt of court likewise brought a reversal. At the time the jail sentence was imposed, the defendant was powerless to purge himself of contempt as his assets were then in the control of the bankruptcy court. He had been adjudicated a bankrupt. The dischargeability in bankruptcy of the underlying debt upon which the citation proceedings was instituted is not disputed. Under these circumstances, no reason appears why the holding in *LaRue* and *White* is not controlling.

Accordingly, the judgment of the trial court finding the defendant guilty of contempt and sentencing him to the county jail for a specified term is reversed.

Judgment reversed.

CRAVEN, J. and TRAPP, J. concur.