THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* DROVERS NATIONAL BANK, Trustee, *et al.*, Defendants-Appellants.

First District (4th Division) No. 59878

Opinion filed February 25, 1976.

Daniel Nagle, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Ann Acker, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Sophie Szlickis, appeals from an order finding her in contempt of court and sentencing her to ten days in the House of Correction.

On August 27, 1973, an order was entered directing the defendant to "remove all rubbish and debris from the premises" of her home. She was also directed to vacate the premises. After a hearing on October 12, 1973, on the City's petition to show cause why the defendant should not be held in contempt, a contempt order was entered on November 15, 1973, and stated in pertinent part:

> "The Defendant, Sophie Szliczkis [*sic*], is in contempt of Court for failure to obey the Order of August 24 [*sic*], 1973 directing her to remove all rubbish and debris from the premises commonly known as 3604 West 111th Street (front)."

On January 23, 1975, in a separate proceeding instituted by the City of Chicago, a demolition of the premises was ordered and has subsequently taken place.

■ ■ ■ Defendant contends that Illinois law requires a finding of wilful disobedience for a holding of civil contempt. We do not agree. Rather, we believe that the City correctly cites *County of Cook v. Lloyd A. Fry Roofing Co.* (1974), 59 Ill. 2d 131, 319 N.E.2d 472, for the proposition than an inquiry into an alleged contemnor's state of mind is not relevant in determining whether he should be adjudged in civil contempt. It should be noted that the *Fry* case involved the imposition of a fine rather than the sentencing to a term of imprisonment as does the instant case. While wilfulness is not an element of civil contempt, a finding of wilful disobedience is a prerequisite to enforcement by imprisonment for civil contempt. (See *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 539.) The City does not dispute this rule. In the case at bar, there was no finding by the trial court, either at the hearing of October 12, 1973, or in the order entered November 15, 1973, of wilful disobedience on the part of the defendant. Therefore, sentencing defendant to a term of imprisonment was improper.

■ ■ The order of August 27, 1973, directed the defendant to remove debris from the premises of her home. That home was subsequently demolished. Because a civil contempt proceeding is designed primarily

to coerce a contemnor to do that which he has been previously ordered to do and because a fine or imprisonment is incidental to the primary focus of civil contempt (*American Cyanamid Co. v. Rogers* (1974), 21 Ill. App. 3d 152, 314 N.E.2d 679), this court concludes that no useful purpose would be served by remandment of this case for further proceedings to determine if defendant is in wilful contempt. Therefore, the order of the Circuit Court of Cook County holding the defendant in contempt and sentencing her to ten days of imprisonment is reversed.

Reversed.

BURMAN and DIERINGER, JJ., concur.