MAE G. ASTIN, a/k/a Mrs. Robert A. Brown, Plaintiff-Appellant, v. ROBERT A. BROWN, Defendant-Appellee.

First District (4th Division)   No. 76-1546

Opinion filed January 26, 1978.

William J. Lunn and Halbert O. Crews, both of Greenberg, Keele, Lunn & Aronberg, of Chicago, for appellant.

Alice D. Johns, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The plaintiff, Mae G. Astin, was found guilty of contempt of court and sentenced to 30 days in the County Jail or confinement until the further order of court.

The plaintiff raises a number of questions for review. After reviewing the record, we find we need only consider two of the questions raised in order to dispose of the merits of the appeal. The two questions we consider dispositive of the merits of this appeal are: (1) whether or not the plaintiff was wrongfully found to be guilty of criminal contempt; and (2) whether the trial court violated the constitutional rights of the plaintiff.

The facts of the case are the contempt proceedings arose out of post-decree motions filed by the defendant-appellee. The motions alleged the plaintiff had failed to abide by pertinent portions of the divorce decree entered on September 4, 1974. Specifically, the defendant alleged the

plaintiff had failed to pay a department store bill. On September 2, 1976, the trial court found the plaintiff had failed to pay the bill she was obligated to pay and entered the order finding her in contempt of court. The plaintiff was not represented by counsel at the contempt hearing and it is evident from the record she had no concept of what she was faced with in terms of a contempt proceeding and in fact she did not at any time comprehend what was at issue before the trial court.

■■ The Illinois Supreme Court in *People v. Javaras* (1972), 51 Ill. 2d 296, 299, defined the standards for criminal contempt of court:

> "Criminal contempt of court has been generally defined as conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute."

None of these elements is present in the instant case. There is no evidence in the record, and there is no finding by the trial court in its order that any of these elements existed or were contemplated by the actions of the plaintiff. For this reason alone, the order of the trial court must be reversed.

■■ ■ It is clear from the record, the plaintiff is a lay person, not represented by counsel, unskilled in legal proceedings, who was understandably confused as to why she was back in court after her divorce had been granted some two years before. For the trial court to proceed with a contempt hearing, where the plaintiff had no counsel and clearly did not understand the charges against her, was an abuse of discretion on the part of the trial judge and constitutes reversible error. The trial court made no attempt to discover whether or not the failure to pay the bill was willful or even made any attempt to find out if the plaintiff was aware the bill was due and owing. It is well settled in Illinois, as stated in *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 552:

> "Not every order for payment of money is enforceable by imprisonment for contempt. It is only where the disobedience is willful."

In the instant case the trial court made no attempt to discover whether or not the nonpayment was willful, or even if the plaintiff understood the debt was to be charged to her.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed.

Reversed.

LINN and ROMITI, JJ., concur.