THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES STANLEY, Defendant-Appellant.

Third District   No. 77-527

Opinion filed June 7, 1978.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant James Stanley appeals from an order of the Circuit Court of Knox County in which he was found in contempt of court for his willful refusal to comply with a court order requiring Stanley to pay $40 a week

into court for the support of his four minor children. On the appeal in this court, Stanley contends that his failure to comply with the support order was not willful or contumacious for the reason that his failure was occasioned through his poverty and misfortune which he contends left him unable to pay any amount for the support of the children. Stanley does not contest the amount of arrearages established by the court but only challenges the finding that he was in contempt of court.

The record discloses that the Knox County Circuit Court entered an order on May 22, 1975, in which defendant James Stanley was ordered to pay $40 per week into court, for a period of three years, for the support of his four minor children from a prior marriage of defendant Stanley. (Ill. Rev. Stat. 1975, ch. 68, par. 27.) The order was the result of a criminal proceeding against defendant Stanley for nonsupport under section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24). At the time of the entry of the weekly support order, Stanley was employed and was earning $140 weekly. Stanley had also remarried, although it is not clear from the record whether either of his two children, by his second marriage, had been born at the date of the order in May 1975. Defendant Stanley, during the period from May 1975, until April 19, 1976, made 12 payments, totaling only $250, into court for the support of the minor children by his prior marriage. Stanley has not paid anything since April 19, 1976, for the support of his four children referred to, and his total arrearages, as set by the court in the contempt proceeding, was $7,090, as of the date of the contempt order issued on September 7, 1977.

On August 10, 1977, the State's Attorney of Knox County filed a "Petition for Rule to Show Cause" based upon defendant's failure to make the support payments required by the court. Following a hearing, the court, on September 7, 1977, entered the contempt order finding the defendant guilty of willfully refusing to comply with the May 1975 order. The contempt order, which also fixed the arrearages at $7,090, continued the matter of sentencing. Defendant appeals from the finding of the court that he willfully refused or neglected to comply with the order of the court, and Stanley contends that the resulting contempt finding was improper.

The substance of defendant's argument is that the evidence before the trial judge, as noted in the report of proceedings (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)), was not sufficient to support a finding of willful and contumacious refusal to comply. Defendant argues that the evidence shows that it was virtually impossible for Stanley to pay the support because of his poverty, his misfortune and other obligations, and that, therefore, he should not have been found to have willfully refused to comply with the support order. *Sullivan v. Sullivan* (1st Dist. 1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.

■■ In this State, failure to pay support as ordered by the court is prima facie evidence of contempt (*Cole v. Cole* (1st Dist. 1967), 85 Ill. App. 2d 105, 229 N.E.2d 293) and, following a showing of a failure to make payment, the burden is then on the defendant "to prove that his failure to comply with the judgment order was not willful and contumacious and that he had a valid excuse for his failure to pay." (*Comiskey v. Comiskey* (1st Dist. 1977), 48 Ill. App. 3d 17, 25, 366 N.E.2d 87.) Poverty and misfortune may, in some instances, be valid excuses as noted in *Sullivan v. Sullivan* (1st Dist. 1973), 16 Ill. App. 3d 549, 306 N.E.2d 604, where the court states (at page 552):

> "There is no contempt where the failure of a person to obey such an order is due to poverty, insolvency or other misfortune [citations] unless such person's inability to pay is the result of a wrongful or illegal act or he has willfully placed himself in such a position. [Citations.]"

In the instant case, the defendant, in support of his contention that poverty and misfortune made it virtually impossible for him to make the payments ordered, emphasizes his employment and income history and his other family obligations. With respect to his employment and income, the record shows that defendant was working, earning $140 per week at the time the court entered its order requiring him to pay $10 weekly for the support of each of his four minor children by the prior marriage. In June of 1975, defendant lost his job and remained out of work until August of 1975, when he began work as a truck driver making $120 per week. He worked as a truck driver until January 1976 when he suffered a job-related injury which left him temporarily totally disabled. As a result of the injury of defendant, although unable to work, he received $124 weekly from workmen's compensation and $17 monthly in S.S.I. benefits since February 1976. These payments to the defendant continued on through September 1977, when the order was issued finding him in contempt. In addition to his financial and health history referred to, defendant also pointed to the fact that during the time period involved, he provided the sole support for his second wife and their two children. Defendant contends that all the money he received was necessary, although insufficient, to support his second family. He argues that after providing for them he did not have the money to make the support payments for his four minor children by his prior marriage.

■■ Defendant then concludes that it was thus impossible for him to make support payments since he didn't have the money, and since it was impossible, the court could not find that he had willfully violated the court's support order. We do not agree with the conclusion stated by the defendant. The trial court could determine that the facts, as set out in the record, were not sufficient to establish a valid excuse for nonpayment

based upon poverty and misfortune. That defense of poverty and misfortune has been found applicable only in the most extreme cases, notably those in which a defendant had no money and no way of getting money to meet support obligations. (*White v. Adolph* (3d Dist. 1940), 305 Ill. App. 76, 26 N.E.2d 993; *Sullivan v. Sullivan* (1st Dist. 1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.) We agree with the trial court that such circumstances are not found in the instant case.

The record clearly discloses a substantially consistent and continual income to the defendant from May of 1975 until September of 1977. Despite his brief period of unemployment and the disabling injury, defendant has been the recipient of between $125 and $140 weekly throughout the time period in question. While we recognize that this is a very small sum with which to support a family in these days of increasing costs and inflation, we believe it is significant that when the trial court entered the order requiring the defendant to pay $40 weekly for support, defendant was making only $140 per week and had already remarried and taken on other responsibilities. The defendant thereby has continued to receive substantially the same amount of money weekly which he was earning when the court first set the support award. Additionally, it is apparent that the small amount of the award with respect to the four minor children (only $10 weekly each in 1975) was apparently based on the trial court's awareness of the limited financial resources and strained circumstances of defendant. Where this is the case and where the record shows a defendant receives substantially the same amount of money as when the award was set, the defense of poverty or misfortune normally would not prevail, unless there is a showing, not noted in the instant case, of other extraordinary circumstances.

Defendant points out that he was unemployed for several months, and that he worked at a reduced wage for several months and that he was injured and unable to work for almost 19 months. While all of this is true and we do not wish to make light of defendant's difficulties, throughout this time he had some money coming in and the amount he was receiving was in the same range as the amount upon which the support award had been originally calculated. There had been no drastic change in his income. We believe it is further significant that the amount of workmen's compensation award which Stanley received was based upon his obligations toward all of his children. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b)(1).) Under these circumstances, the fact that the defendant was disabled and not able to work or that he did not "earn" any income does not make sufficient difference to justify defendant's failure to make payments for the support of the four minor children by his prior marriage.

Defendant emphasizes the precedent in *Sullivan v. Sullivan* (1st Dist.

1973), 16 Ill. App. 3d 549, 306 N.E.2d 604, but that case involved a different situation in significant matters. In that case the defendant had no income, was supported by his second wife and was unable to get work and was without funds to pay the support award. All of this constituted a substantial change from the circumstances of that defendant at the time the support award was set. In that case, there was a total lack of funds and the possibility of obtaining them, and the court found that the defendant's failure to pay support was not the result of a willful and contumacious refusal to pay and the finding of contempt was properly reversed. In the instant case, Stanley was not in a similar situation. There had been no substantial or complete change in his income from the time of the support order until the contempt finding.

As to Stanley's contention that he needed all of his money to support his second family, we must simply observe that in taking on additional obligations of the nature undertaken by Stanley, he could not use such undertaking as a basis for neglecting and failure to meet legal obligations imposed with respect to his four minor children. The additional family obligation was taken on by Stanley and, while it might have formed a basis for petition to modify the previous support order, it could not be used to justify his total failure to support his four minor children by the previous marriage. (See *Gregory v. Gregory* (5th Dist. 1964), 52 Ill. App. 2d 262, 202 N.E.2d 239.) Defendant made no attempt to have his support obligations modified at any time and he made no payments of any kind toward the support of those minor children after April 19, 1976. By reason of his failure, therefore, he became subject to the contempt powers of the trial court.

■■ Since defendant failed to make the payments specified by the court, the burden was imposed upon him in the contempt proceeding to prove that his lack of compliance was based upon a valid reason for noncompliance. The trial court found that he had failed to meet that burden, as we have observed and, accordingly, we find no abuse of discretion in the action taken by the trial court. (*Janov v. Janov* (3d Dist. 1965), 60 Ill. App. 2d 11, 15, 207 N.E.2d 691.) The finding of contempt in the instant case, therefore, was not contrary to the manifest weight of the evidence.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County is affirmed and the cause is remanded for further action in that court.

Affirmed and remanded for further action in the trial court.

STENGEL and SCOTT, JJ., concur.