140  603
56a 214

Henry W. Kingsberry *et al.*

*v.*

Ernest E. Hutton *et al.*

*Filed at Ottawa March 24, 1892.*

1. Probate court—*order on guardian to pay over funds—how enforced—not a judgment.* A proceeding in the probate court to settle the accounts of a guardian, whether he voluntarily files an account or does so by compulsion, is neither an action at law nor a suit in equity, and the order of the court finding the sum due from him, and requiring him to pay the same to the party entitled to receive it, is in no proper sense a judgment.

2. An order of the county court made on a settlement of a guardian, directing him to pay over the sum found in his hands to his successor, is not a judgment upon which an execution may issue. Such an order is enforceable only by attachment.

3. Where a guardian fails to obey the order of the county court directing him to pay over the money in his hands to a successor, the only mode of compelling him to comply with such order is by attachment for contempt, and imprisonment in the jail. When the legislature directs an inferior court as to the mode of enforcing its orders and decrees, such court will have no discretion, but must proceed in the mode prescribed.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

Messrs. Wilson, Moore & McIlvaine, for the appellants:

The adjudication of the county court entered November 30, 1877, was a judgment within the meaning of the statute, and became at the time a lien upon all the land owned by the defendant Eva Lawrence. Rev. Stat. chap. 77, secs. 1, 4, 6; chap. 22, sec. 44; Freeman on Judgments, sec. 2; *Schemerhorn* v. *Mitchell,* 15 Ill. App. 418; *Wilson* v. *Schneider,* 124 Ill. 628; *Wheeler* v. *Dawson,* 63 id. 54; *Darling* v. *McDonald,* 101 id. 370; *People* v. *Prendergast,* 117 id. 588; *Millard* v. *Harris,* 119 id. 185; *County* v. *Clark,* 60 N. H. 209; *Weyand's Appeal,* 62 Pa. St. 198; Freeman on Executions, sec. 22.

Messrs. MASON BROTHERS, for the appellees:

The county court order was never a lien on the real estate in controversy. 1 Bouvier's Law Dic. title "Court of Record;" Rev. Stat. 1887, chap. 37, secs. 93, 95, 95*b*, 202; chap. 3, secs. 113, 114; chap. 64, secs. 37, 40; Rev. Stat. 1877, same chapter and sections; *Piggott* v. *Ramey,* 1 Scam. 145; *Gilbert* v. *Guptill,* 34 Ill. 135; *Reynolds* v. *People,* 55 id. 328; *Von-Kettler* v. *Johnson,* 57 id. 109; *In re Steele,* 65 id. 323; *Scheel* v. *Eidman,* 68 id. 193; *Bruce* v. *Doolittle,* 81 id. 103; *Harvey* v. *Harvey,* 87 id. 54.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The facts material to a decision of this case are as follows: July 1, 1873, Eva Kingsberry, mother of Henry W. Kingsberry, was appointed his guardian by the county court of Cook county, and continued to act in that capacity until February 4, 1875. At that time she resigned her guardianship, and one Herman G. Powers was appointed her successor, who duly qualified. On the 3d day of March, 1875, said Eva (then Mrs. Lawrence) presented to said county court her final account as such guardian, for approval, but said Powers objected to the same, and it was continued in said court, from time to time, until November 30, 1877, when, after having been restated by the court, it was approved, and she ordered to pay over to the then guardian the amount found to be in her hands, being $40,605.48. From that order she prosecuted an appeal to the circuit court of said county, to which the case was regularly transferred. There it remained without any final action until April 5, 1888, when it was dismissed, and a *procedendo* awarded to the probate court of said county, which had in the meantime become the successor of said county court. In December following, Henry W. Kingsberry (having reached his majority December 16, 1883,) caused an execution to issue out of said probate court, on said order of No-

vember 30, 1877. On May 16, 1884, Henry W. Kingsberry had conveyed to his mother certain real estate in Cook county, which she in March of 1887 conveyed to appellee, whom she soon after married. Said execution coming to the hands of the sheriff of Cook county, he levied the same upon the lands so conveyed to appellee. Thereupon appellee filed this bill to enjoin the sale of the same. At the time said order of November 30 was made, John V. LeMoyne had succeeded said Powers as guardian of Henry W., and the execution out of the probate court was issued in his name. He, therefore, and said Henry W., with the sheriff of Cook county, and the mother of Henry W., (now Mrs. Hutton,) were made defendants to the bill. On the hearing the prayer of the bill was granted and the sale of said lands perpetually enjoined. From that decree an appeal was duly prosecuted to the Appellate Court for the First District. That court having affirmed the decree of the circuit court, this further appeal is prosecuted by the appellants, and the grounds of reversal insisted upon in the Appellate Court are renewed here. Mrs. Hutton also prayed an appeal to the Appellate Court, and there assigned numerous cross-errors. She now insists that the Appellate Court erred in "not disposing of all the questions raised in that court."

It is only necessary to say as to these cross-errors, that both the circuit and Appellate courts did dispose of the issue made by the bill, answers and replication, and were called upon to do no more. Fortunately, courts are not required by the law to decide every point which the ingenuity of counsel may raise in a case. As to the errors assigned by appellants, we concur in the conclusion reached by the Appellate Court. Waiving all other grounds for the relief prayed in the bill, the decree of the circuit court must be affirmed, for the reason that no judgment is shown to exist as a basis for the issuing of said execution.

It will not be seriously contended that a proceeding in the probate court to settle the accounts of a guardian, where he

does his duty by voluntarily filing the same, is in any sense a suit between parties. It is purely an *ex parte* investigation as to the manner in which the guardian has discharged his duties in the management of his ward's estate. If he does not perform that duty without compulsion, the court may compel him to do so. We have several times decided, that where the settlement is made under compulsion, it is neither an action at law nor a suit in equity, but the exercise of a summary power conferred upon the court. In *Gilbert* v. *Guptill*, 34 Ill. 112, the question was, whether the five years Statute of Limitations would run against a proceeding by citation to compel the guardian to make settlement in the probate court, and we said: "Therefore we say, as the accounting before the probate court is not a suit within the meaning of the statute, but is a means of ascertaining a delinquency, so that suit may be brought for the amount of the delinquency so adjudged by the probate court against the obligors in the bond, the Statute of Limitations was no bar to the proceeding before the probate court, and can not be pleaded so long as the bond has force and validity." In that case it was also held that the finding of the probate court in such a proceeding is not a judgment against the guardian. That the proceeding is not a suit, see, also, *In re William Steele et al.* 65 Ill. 322, and *Bruce* v. *Doolittle et al.* 81 id. 103. The case of *Harvey et al.* v. *Harvey, Exrx.* 87 Ill. 54, is still more directly to the point. There the question was, whether the death of the guardian pending the proceeding abated the same, and it was held that it did, and it was again said: "A proceeding under this statute by citation has never been regarded as a suit at law or in equity, in the sense the term 'suit' has been used. So far as we are informed, it is a summary proceeding against the guardian, personally, to compel an accounting, in which the court has power to enforce its orders by attachment, if necessary." It would seem scarcely necessary to say that a judgment can only be entered in a suit either at law or in chancery. The

foregoing cases are therefore decisive of the question here. The case on this point also falls within the decision of this court in the early case of *Piggott* v. *Ramey et al.* 1 Scam. 145.

Upon the resignation of the mother of Henry W. Kingsberry as his guardian, it became her duty to deliver over to her successor all the goods, chattels, moneys, title papers and other effects in her custody or control belonging to her ward, and upon her failing to do so the county court had power to compel the performance of that duty, in the mode pointed out in section 40, chapter 64, of the Revised Statutes, viz., by committing her to jail until she complied with its order in that regard. No other mode is provided by the statute for enforcing the performance of that duty. It is said in *Piggott* v. *Ramey et al. supra:* "When the legislature directs an inferior court as to the mode of enforcing its orders or decrees, such court possesses no discretion, but must proceed conformably to the mode prescribed," and it was accordingly held that the "probate court had no power to render a judgment in favor of heirs or devisees, against an executor or administrator, for failing or refusing to pay over to such heir or devisee their distributive portions of the estate of the deceased." Suppose there had been no appeal from the order of November 30, 1877, would any one have supposed that LeMoyne, the successor in guardianship, could have sued out an execution against the former guardian, to enforce the order to pay over? We entertain no doubt that the county court of Cook county would have exceeded its power if it had entered a judgment against the guardian in the proceeding then before it. Its order was in no sense a judgment, within the meaning of chapter 77 of our statute relating to judgments, decrees and executions,—and we are equally clear that no attempt was made by that court to enter such a judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*