### William S. Rush v. Garah M. Flood, formerly Garah M. Rush.

1. WORDS AND PHRASES—*Alimony, Defined.*—Alimony is an allowance to a wife by order of court on account of her, without her fault, living separate and apart from her husband.

2. ALIMONY—*Order to Pay for Support of Child is Not.*—An order to pay for the support of children is not an award of alimony.

3. BANKRUPTCY—*Order upon a Father to Support His Child of Tender Years.*—An order upon a father to support his female child of tender years can not be discharged under bankruptcy proceedings.

4. SAME—*Order to Reimburse a Stranger for Past Support of Child is Discharged by.*—The obligation of a man to recompense his former wife for expenditures made after she had remarried, for the benefit of their child, is like that of his obligation to recompense any other person, who had contributed to the support of his minor child. It is but a civil debt and is discharged by the father's discharge in bankruptcy proceedings.

Contempt of Court.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed. Opinion filed December 30, 1902.

CHARLES A. BUTLER, attorney for appellant.

JOHN J. COBURN and GEORGE A. MEACH, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

From the intelligent and orderly brief of appellee we

gather that May 14, 1900, appellee filed a petition showing that some years previous she had been divorced from appellant; that by arrangement between the parties a decree was therein entered giving to her a fixed sum, namely, three hundred dollars as alimony, and fifty dollars for her solicitors.

In said petition she set forth that the alimony and solicitor's fees so agreed upon had never been paid to her; that since the divorce she has supported her minor child without aid from appellant and she asked that he be ordered to pay her five dollars a week for her past support of the child, and also five dollars per week for the future.

In said petition she sets forth that since her divorce she had married again and that her then husband received an income not exceeding ten dollars per week. To this petition appellant replied admitting the agreement to pay three hundred dollars alimony and fifty dollars attorney's fees, and asserting that he had paid the same, and denied that appellee had, since the divorce, the care and custody of their child, and asserted that the child resided with and was clothed and educated by him for a long time after the divorce.

On the 11th day of July, 1900, a decree was entered in pursuance of said petition, among other things, as follows:

"It is ordered, adjudged and decreed, that the said defendant, William S. Rush, pay to the complainant, Garah M. Flood, formerly Garah M. Rush, on account of the past support of their child for two years' board at convent, the sum of three hundred dollars; on account of board while at home and being supported by complainant, the sum of one hundred and fifty dollars; for clothes for three years and more, and extras at convent, etc., the sum of two hundred and fifty dollars, amounting in all to the sum of seven hundred dollars.

And it is further ordered, adjudged and decreed, that the defendant pay to the said complainant the sum of four dollars per week for the present and future support of said child until the further order of this court, the first payment thereon to be made on Monday, July 16, A. D. 1900, and the subsequent payments to be made on each Monday thereafter."

Thereafter, on the 23d day of July, 1901, appellee filed an affidavit and application setting forth that appellant had not paid her the sum of $700 for the support of their child, Garah M. Rush, nor any portion of the same; that he has ample means with which to pay such sum and therefore she prayed that a rule might be entered against him to show cause why he should not be attached for contempt of court for his neglect and refusal to pay the amount of said decree, to which rule appellant answered, setting forth many details of his financial condition, insisting that he had no means, was entirely unable to pay any portion of said decree, was indebted to his employers and others for expenses necessarily by him incurred in support of himself and his family, he having married since the divorce from appellee, and setting forth also that August 18, 1900, he filed a petition in bankruptcy in the United States Court, scheduling, among other things, the indebtedness to appellee of $700 by virtue of said decree, and that on October 22, 1900, he was discharged by the bankrupt court from all his debts scheduled.

The court, after hearing evidence, found that no sufficient cause had been shown by the respondent why the decree of the court ordering him to pay $700 to appellee should not be complied with by appellant, or at least in part, and finding appellant able, and that he had means wherewith to pay a part of the said decree, and that he willfully refuses to obey the order embodied in the decree of the court, and that from the evidence offered it appears that he is able to pay at least $50 of the amount of said decree. Whereupon the order proceeds:

" It is therefore ordered, adjudged and decreed by the court that the said respondent, William S. Rush, be, and is hereby, declared guilty of contempt of this court for his willful refusal to comply with the decree of this court entered of record July 11, 1900."

" It is further ordered, adjudged and decreed that the said respondent, William S. Rush, pay unto the said complainant, instanter, the sum of fifty dollars for and on account of the said decree of July 11, 1900; and the said

respondent, William S. Rush, having defaulted in the pay-ment of the said fifty dollars to said complainant, so ordered to be paid by him, it is further ordered that the said respond-ent, William S. Rush, be committed to the county jail of Cook county, Illinois, there to remain until he pays the said sum of fifty dollars to the said complainant, or until released by due process of law, but not to exceed the period of six months; and that a mittimus issue forthwith, directed to the sheriff of Cook county, Illinois."

To which order the respondent excepted, and from which order this appeal is prosecuted by appellant.

Appellee calls our attention to a number of decisions hold-ing that a decree for alimony is not an indebtedness from which a party may be discharged in bankruptcy. The courts thus holding proceed upon the theory that alimony rests not so much upon a contract entered into by the husband as upon a duty resting upon him as a result of the marital relation.

Alimony is an allowance to a wife by order of court on account of her, without her fault, living separate and apart from him. Bouvier's Law Dictionary.

An order to pay for the support of children is not an award of alimony. Bishop on Marriage, Divorce and Sep-aration, Vol. 1, section 1386, Vol. 2, section 1213; Foote v. Foote, 22 Ill. 425; Bergen v. Bergen, 22 Ill. 189; Stillman v. Stillman, 7 Ill. App. 529.

The duty upon a father to support his minor female child of tender years is certainly equal to the moral obli-gation of a husband to support his wife. Such child must be supported by some one who is capable of maintaining it, while a wife may be able to support herself; it would seem, therefore, that the principle upon which courts have proceeded in holding that alimony can not be dis-charged under bankruptcy proceedings applies equally to an order upon a father to support his child of tender years, although from the report of Dunbar v. Dunbar, Supreme Judicial Court of Massachusetts, 62 N. E. Rep. 248, there seems to have been a holding by a *nisi prius* court that an order relating to the support of a son was discharged by bankruptcy proceedings.

In the present case there is no contention over that portion of the decree of July 11, 1900, ordering appellant to pay to the complainant the sum of $4 per week for the present and future support of said child.  So far as appears that has been paid; indeed, appellant adduces the payment of said $4 per week as one reason why his financial condition does not permit of his paying any portion of the decree awarding to appellee $700 in payment of expense gone to by appellee, for, at the time of' said decree, the past support of their child.

At the time appellee expended the $700 for the support of her and appellant's child she was not his wife, but married to another man.  In law she was thus a stranger to appellant and his obligation to recompense her for expenditures she had made in behalf of their child was like that of his obligation to recompense any other person, who had contributed to the support of his minor child.  Nor does it appear in this proceeding that at the time appellee expended such $700 he was unwilling to provide for their child at his own home or some other suitable place.  The obligation of appellant to pay to appellee the $700 expended by her was but a civil debt and the decree ordering him to pay the same did not make it otherwise.  Indeed, had the $700 been advanced by a bank we think it would hardly have been contended that appellant was under an obligation to pay the bank, which could be enforced by imprisonment, nor has it been shown to us why such mere civil debt to one in law a stranger to the debtor may not be discharged in bankruptcy.

There is in this state no such thing as imprisonment for debt, while, if one is possessed of property not exempt from execution which he ought and unjustly refused to surrender in satisfaction of a judgment against him, after execution upon such judgment has, upon personal demand, been returned no property found and unsatisfied, such refusal to surrender property is regarded as a fraud, and proceedings may be had under which he may, for a limited time, be imprisoned at the expense of such judgment creditor; but

before he can be so imprisoned, such debtor is entitled to a hearing and a trial by jury as to all the facts alleged, and especially as to the fraud with which he is charged. In the present case, appellant, without having an opportunity for a trial by jury, has been ordered to be imprisoned for his failure to pay a merely civil debt.

In saying what we have, we do not wish to be understood as expressing any opinion as to the validity of the order requiring him to pay $700 to appellee for the past support of their child.

The order of the Superior Court is reversed.