(No. 25913.

ELLIS E. COX, Conservator, Appellee, *vs.* EARL B. RICE, Exr., Appellant.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

Rolla Babcock, and S. S. DuHamel, for appellant.

O'Harra & O'Harra, and John W. Williams, for appellee.

Mr. Justice Farthing delivered the opinion of the court:

August 31, 1929, the county court of Hancock county appointed Ellis E. Cox conservator of the estate of Mary E. Babcook, a distracted person. He filed his bond, received his letters and took over her property. Later, he invested $2057.44 in one of several notes secured by a first mortgage, and $2851.05 in a time-deposit certificate in a bank. These acts were never approved by the county court. Mary Babcook died testate, February 9, 1935. On June 6, of that year, Cox filed his final report in the county court in which he claimed credit for both items, commissions as conservator and for attorneys' fees. As executor of Mary E. Babcook's will, Earl B. Rice filed objections; they were sustained, in part, and Cox appealed to the circuit court of that county. On a trial *de novo,* that court sustained objections to the mortgage investment, to the certificate of deposit, to the conservator's commissions and to one-half the attorneys' fees. It ordered Cox to pay the executor, Rice,

$2057.44 "the amount invested in the mortgage note," $2851.05 "the amount of the certificate of deposit in the Dime Savings Bank," $100 which was half the attorneys' fees, and $4.40 "being the balance of moneys on hand as shown by his supplemental report." Cox paid $4.40 and, after this suit was filed, the $100. The court found that the mortgage had been foreclosed, the redemption period had expired and the property was being held in trust for all the noteholders by Fritz J. Reu. Cox was ordered to convey his interest in the mortgaged premises to Rice and, when this was done, he was to be allowed a credit of $1193.75. Cox made this transfer. There was no appeal from the circuit court's order.

On March 1, 1938, Rice served a written notice on Cox and demanded that Cox pay over all moneys which had come into his hands, as conservator, in accordance with the circuit court's order. Cox did not comply, and Rice petitioned that court for a rule on Cox to show why he should not be held in contempt. November 18, 1938, that court ordered Cox to appear and show cause. He answered and claimed that he did not have any of the property or money of the estate of his ward in his hands; that he had no personal estate of his own with which to pay the sums charged against him and that he could not be imprisoned for contempt because of section 12 of article 2 of our constitution. After a hearing, the court dismissed the petition and the court assessed the costs equally against the parties. Because a construction of section 12 of article 2 of the Illinois constitution is involved, Rice has appealed to this court.

Rice contends that punishment for contempt is authorized by sections 9 and 35 of the act relating to incompetents, etc. (Ill. Rev. Stat. 1939, chap. 86, pars. 9 and 35.) If the ward dies and an administrator is appointed section 9 provides that the conservator is "to deliver up to his successor all the goods, chattels, moneys, title papers and other

effects belonging to such deceased ward in like manner and subject to the same penalties as are provided in section 35." Section 35, in part, provides: "The court shall have power to compel the conservator * * * to deliver up to such successor all the goods, chattels, moneys, title papers and other effects in his custody or control belonging to the ward; and upon failure to so deliver the same, to commit the person offending to jail until he shall comply with the order of the court."

Cox argues that the sections do not apply to him because, when he answered the petition, he did not have actual possession of the money of the trust estate belonging to his ward, and it is, therefore, not in his "custody or control." His position also is that the statute should not be construed so broadly as to authorize a punishment for contempt in cases where the property is no longer in his actual possession and has not been wilfully and fraudulently disposed of, and where failure to comply with the order directing payment is due to financial inability to pay. He maintains that, in view of our holding in *Bruner* v. *Wolford,* 356 Ill. 514, the statutes do not require a conservator to procure authority from the court to make a loan before it is made, and that it is a pure fiction to say that money thus invested is still in the custody and control of a conservator.

Rice insists that although Cox does not now have actual possession of the money, it had been in his custody and control, he had illegally expended it, and, in contemplation of law, it remained in Cox's custody and control.

It is not disputed that a conservator who fails to obey an order to deliver up money or effects in his custody and control can be punished for contempt. On the other hand, where one has never had actual possession or control over the assets of his ward or of the *res* of a trust, this court has held he cannot be so punished. (*Tudor* v. *Firebaugh,* 364 Ill. 283.) In *People* v. *LaMothe,* 331 Ill. 351, this court said: "Where imprisonments have been sustained the de-

cisions are based upon the fact that the party charged actually had the money in his hands or had wrongfully disposed of it." In such a case, it is no defense that the fund has been wrongfully expended or converted, and inability to pay on the fiduciary's part is no defense to a contempt proceeding. (*People* v. *Zimmer*, 238 Ill. 607.) *Bruner* v. *Wolford, supra,* does not hold the conservator commits no wrong when he makes an investment without the approval of the county court. It holds that a later approval is a defense to a charge of *devastavit* of the ward's estate. Here, by making the investments without ever obtaining the court's approval, Cox must be held to have committed *devastavit* and to have wrongfully disposed of the ward's money. Under the facts, the circuit court's order to Cox to pay was binding on him and his bondsmen. (Horner's Probate Practice, (3rd ed.) sec. 362; *Gillett* v. *Wiley*, 126 Ill. 310, 320; *Ammons* v. *People*, 11 id. 6.) Since Cox made wrongful disposition of his ward's estate, it remains, in contemplation of law, in his custody and control, and his inability to pay is no defense to the contempt proceeding.

The next question is whether or not Cox is protected by section 12 of article 2 of our constitution. It provides: "No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." The 1818 and 1848 constitutions of Illinois contained this same provision. (*Mesirow* v. *Mesirow*, 346 Ill. 219.) This section, however, relates to judgments that arise out of contracts, either express or implied. (*Lipman* v. *Goebel*, 357 Ill. 315, 319.) The question presented is: Did the circuit court's order for payment amount to a judgment or decree for the payment of money and, therefore, did it amount to a debt? In *Piggott* v. *Ramey*, 1 Scam. 145, the act considered provided that if an executor or administrator failed to pay over money in accordance with an order of the county court, he

could be attached and imprisoned until he complied. It also provided that in such case suit could be brought on his bond. The county court ordered the executor to pay the heirs of Ramey $389.29. On his failure to pay, the heirs brought an action in debt against him and this court held that the order sued on was not a judgment and not a debt within the meaning of that term. It also held that the only means the county court had to enforce its order was that provided in the act and that the action in debt would not lie. To the same effect is *Kingsberry* v. *Hutton,* 140 Ill. 603. Both of these cases show that in such proceedings as this the court is without authority to enforce its orders except as provided by the statute. In the instant case the act relating to conservators gave the county court power to enforce its orders by contempt proceedings. On appeal to the circuit court, and in the trial *de novo,* that court heard the case only by reason of its statutory authority and the circuit court was bound to proceed according to the same statutes which governed the county court. (Ill. Rev. Stat. 1939, chap. 86, par. 41; *In re Estate of Rackliffe,* 366 Ill. 22.) The circuit court's order that Cox pay Rice as executor the sums mentioned, does not create a debt within the meaning of section 12 of article 2 of the constitution.

The order which dismissed Rice's petition is reversed, and this cause is remanded for such further proceedings as are consistent with the views above expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, dissenting.

Mr. JUSTICE MURPHY took no part in this decision.