Sarah LaRue, Appellee, v. William LaRue, Appellant.

Gen. No. 10,404.

Heard in this court at the May term, 1950. ▮▮▮▮▮▮ Opinion filed August 18, 1950. Released for publication September 6, 1950.

ARNDT & WINGARD, of Rock Island, for appellant.

WINSTEIN & RIMMERMAN, of Rock Island, for appellee; STEWART R. WINSTEIN, of Rock Island, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On January 6, 1948, in a proceeding then pending in the city court of the City of Moline, Illinois, a decree was rendered awarding the plaintiff, Sarah LaRue, a divorce from her husband, William LaRue. This decree found: "that the defendant is indebted to the plaintiff in the sum of $1300.00 for money loaned by the plaintiff to the defendant, which said sum should be a lien upon any real estate owned by the defendant within the State of Illinois, for which sum an execution should issue." Following this finding, the decree provided: "that the defendant be and he is hereby ordered to pay to the plaintiff the sum of $1300.00 for money loaned by the plaintiff to the defendant, which said sum shall be a lien on any real estate owned by the defendant within the State of Illinois and for which said sum, execution shall issue and judgment be entered."

On April 29, 1949, Sarah LaRue filed with the clerk of the court which rendered this decree her verified petition alleging that the defendant has wilfully neglected and refused to pay the sum of $1,300 as provided

412

in the decree and prayed that the defendant be ruled to show cause why he should be not punished for contempt of court for his neglect and refusal to comply with the provisions of said decree. The defendant filed a verified answer admitting the allegations of the petition with reference to the rendition of this decree but alleged that on April 18, 1949, he was adjudicated a bankrupt in the District Court of the United States for the Southern District of Illinois; that he listed Sarah LaRue, the petitioner, as a creditor in said proceeding; that the petitioner and her attorney had notice of said bankruptcy proceeding at the time 'the petition was filed in this cause and concluded that the city court was without jurisdiction and prayed that he be found not guilty of contempt of court. Upon the issues made by the petition and answer, a hearing was had resulting in an order finding the defendant guilty of contempt of court in failing to pay the petitioner $1,300, as the original decree provided, and committed him to the county jail for 90 days or until he should purge himself of contempt of court by paying said sum of $1,300 as in the decree provided. To reverse this order, this appeal has been prosecuted.

From the pleadings and evidence, it appears that since the decree of divorce was rendered, appellant has remarried and is living with his wife and children; that on April 18, 1949, he filed in the United States District Court for the Southern District of Illinois his petition in bankruptcy listing appellee as a creditor in the sum of $1,300, by virtue of the provisions of the decree rendered January 6, 1948, by the city court of the City of Moline; that he listed other creditors, the amount of his indebtedness to them being $1,700. It further appears that appellant was duly adjudicated a bankrupt and received his discharge on August 2, 1949.

413

It is insisted by counsel for appellant that the relationship of the parties to this proceeding is that of creditor and debtor and that the order of the trial court finding appellant guilty of contempt and sentencing him to imprisonment for ninety days is contrary to the Illinois constitutional restraint against imprisonment for debt and is therefore illegal and void. Counsel also argue that since the bankruptcy court acquired jurisdiction of the estate of appellant and the claim of appellee prior to the submission of said claim to the Moline city court, that court did not have jurisdiction to enforce said claim.

In order to sustain the order appealed from, counsel for appellee insists that the bankruptcy of appellant discharged his liability to pay his other obligations but had no effect so far as his liability to pay money under the decree of the city court was concerned and argue that courts of chancery will imprison a debtor in order to enforce a decree where no other reasonable means of doing so are available.

 It is well settled that upon adjudication in bankruptcy, title to all the bankrupt's property vests in the trustee in bankruptcy as of the date of the filing of the bankruptcy petition, and the bankruptcy court has exclusive jurisdiction, possession and control of the estate of the bankrupt which cannot be affected by proceedings in the State court. (*Gross v. Irving Trust Co.,* 289 U. S. 342.) Furthermore, where the jurisdiction of a bankruptcy court has intervened, no state court can proceed with a pending suit to recover a dischargeable debt except by permission of the bankruptcy court. (*Jones v. Alton & S. R. Co.,* 5 F. Supp. 532.) Ordinary money payments directed to be made by judgments or decrees are civil debts and dischargeable in bankruptcy. (*Rush v. Flood,* 105 Ill. App. 182.) All money payments directed to be made in divorce decrees are not dischargeable in bankruptcy. A decree for ali-

mony is not an ordinary money decree and is not regarded as a debt owing from a husband to his wife but rests on the natural and legal duty of the husband to support his wife and is not discharged by an order of the bankruptcy court (*Barclay v. Barclay,* 184 Ill. 375; *Welty v. Welty,* 195 Ill. 335), and the commitment of a defendant for contempt for refusing to pay alimony is not an imprisonment for debt from which he can claim exemption under the provisions of the Constitution prohibiting imprisonment for debt. (*Wightman v. Wightman,* 45 Ill. 167.)

██ In the instant case, the original divorce decree found that appellant was indebted to appellee for $1,300 for money loaned by appellee to appellant and ordered appellant to pay that sum to appellee and created a lien upon any real estate owned by appellant within this State and directed a money judgment to be entered for that amount. The payment so directed was for money loaned and did not arise as a result of the marital relation of the parties. The obligation was a civil debt and not alimony and was dischargeable in bankruptcy.

██ Proceedings to commit parties to jail for refusal to comply with a court order to pay money to other parties are civil contempts. (*Wilson v. Prochnow,* 359 Ill. 148; *People ex rel. Meier v. Lewe,* 380 Ill. 531.) A detailed discussion of the distinction between civil and criminal contempt orders and how they are affected by bankruptcy adjudication is presented in *Parker v. United States,* 153 F. (2d) 66. In that case it was held that where a party failed to comply with an equity decree and a contempt order was issued involving a fine and imprisonment for failure to pay the fine to the aggrieved party in the original equity proceeding, such contempt order was not binding after defendant's adjudication in bankruptcy. The court stated that the compensatory fine

was not to be regarded as a penalty levied by the court for a contumacious act, and that the purpose of the contempt petition was to obtain the benefit of the original decree in equity. In conclusion, the court said: "Now that the creditor in whose sole interest the fine was imposed has become disentitled to claim it further, the court cannot change the characteristic of the fine from a remedial one to a punitive one . . . because the contempt proceeding from its inception was one of civil contempt."

In the instant case no fine was imposed but appellant was imprisoned for ninety days or until he should purge himself of the contempt by paying appellee $1,300. As in the *Parker* case, *supra,* the imprisonment was ordered, not as a punishment but to the end that the private interests of appellee may be advanced. Under the authority of the *Parker* case, the contempt order in the instant proceeding was improper after appellant's adjudication in bankruptcy.

A court of equity, it is true, has the power to enforce its decrees by imprisonment (Ill. Rev. Stat. ch. 22, par. 42 [Jones Ill. Stats. Ann. 106.06]), and has the power to punish for contempt by imprisonment. (*People v. LaMothe,* 331 Ill. 351; *People v. Zimmer,* 238 Ill. 607.) Because of the Constitutional provision against imprisonment for debt (Ill. Const. art. 2, sec. 12) our courts are reluctant to use this remedy to enforce compliance with a decree requiring the payment of money, and it has been held that this remedy should not be resorted to unless there are no other reasonable means of enforcement (*Goodwillie v. Millimann,* 56 Ill. 523); that every doubt should be resolved in favor of the liberty of the citizen (*Tudor v. Firebaugh,* 364 Ill. 283), and that inability to pay shall be deemed a good defense to such a contempt proceeding. (*Meaden v. W. J. Anderson Corp.,* 301 Ill. App. 390.) It has also been held that it is

not a contempt of court to fail to pay money which one neither has nor can obtain and which he has not causelessly either put out of his possession or failed to receive (*White v. Adolph,* 305 Ill. App. 76), and imprisonments have been sustained only where the party charged had the money in his hands or had wrongfully disposed of it. (*People v. LaMothe,* 331 Ill. 351.)

 In the instant case, the evidence disclosed that appellant had a net income of approximately $90 per week. He admitted losing $100 in gambling and, from the time the decree was rendered until the instant petition was filed, he had purchased some furniture and bought an automobile. It follows that appellant did have the ability to pay a portion of the amount due under the original decree. Inasmuch, however, as appellant had been adjudicated a bankrupt prior to the time the instant petition seeking to adjudge him in contempt was filed, the contempt order issued by the city court was not proper. The order appealed from is therefore reversed.

*Order reversed.*