*In re* ESTATE OF ROBERT L. JONES, Incompetent.—(LA SALLE NATION-AL BANK, Conservator, Petitioner-Appellee, *v.* BERNARD L. JONES, Respondent-Appellant.)

First District (3rd Division) No. 61287

Opinion filed April 15, 1976.

Charles R. Winkler, of Winkler, Fornelli & Sonsonetti, Ltd., of Chicago, for appellant.

John J. Phelan and Malcolm D. Nicholson, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This cause arose when petitioner, La Salle National Bank of Chicago, as conservator of the estate of Robert L. Jones, incompetent, brought a "Citation to Discover Assets" against respondent, Bernard L. Jones, pursuant to section 183 of the Probate Act. (Ill. Rev. Stat. 1973, ch. 3, par. 183.) After numerous hearings, the trial court found that the respondent had received $33,568.75 which belonged to the incompetent and ordered

respondent to turn over that amount forthwith to the petitioner. Upon the respondent's failure to comply with the above order, the trial court issued an order of commitment finding the respondent in wilful contempt of court and directing the sheriff to take him into custody. It is from this order finding respondent in contempt that respondent now appeals.

We reverse and remand.

On December 12, 1972, the petitioner as conservator of the estate of Robert L. Jones, incompetent, filed an amended petition to recover assets against the respondent, Bernard L. Jones, father of Robert L. Jones and 75 years of age. The amended petition alleged, *inter alia*, that the respondent, pursuant to a power of attorney and over a period of years, received on behalf of his son $25,794.35 from the Veterans Administration and $7,774.40 from Social Security. The respondent answered the petition stating, in pertinent part, that the above sums were not received for the benefit of his son but were instead gifts from his son. Filed along with the answer and in support thereof were the respondent's affidavit and those of his wife and another son. After a hearing, the trial court entered an order finding that respondent's contention that the above monies were a gift was not supported by the evidence and ordering the respondent to file with the court an accounting of his assets. Respondent then filed such an accounting which indicated a net worth of $15,320 and an annual income of $7,628. After further hearings, the trial court entered an order finding, in pertinent part, that respondent was indebted to the estate of his son in the sum of $33,568.75 plus statutory interest and directing the respondent to turn over forthwith that sum to the La Salle National Bank of Chicago. After the trial court denied a motion by the respondent to vacate the above order and the money owing not having been paid, the petitioner filed a motion to have the respondent held in contempt of court. Pursuant to this motion, the trial court ordered the respondent to appear before it to show cause why he should not be held in contempt of court. After numerous continuances, a hearing was had at which hearing the trial court stated that the respondent would go to jail until he paid the money owing. The trial court then issued an order of commitment finding Bernard L. Jones guilty of wilful contempt for failure to comply with the order of the court and directing the sheriff to take custody of Bernard Jones.

■ ■ The above proceedings were brought pursuant to section 183 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 183). Section 185 of the Probate Act gives the court the power to commit to jail a party who refuses to obey a court order to deliver personal property or, if converted, its proceeds in value. (Ill. Rev. Stat. 1973, ch. 3, par. 185.) Contempt proceedings are generally classified as civil or criminal and an attempt by the court to compel compliance with its orders may be characterized as

civil contempt. (*County of Cook v. Lloyd A. Fry Roofing Co.* (1974), 59 Ill. 2d 131, 319 N.E.2d 472.) The proceedings in the instant case in which the trial court sentenced the defendant to jail until he complied with the court's order are properly classified as civil. The general rule in such a case is that one's failure to comply with a court order to pay money is not punishable as contempt where one, without fault, is unable to pay. (*Mattioda v. Mattioda* (1968), 101 Ill. App. 2d 475, 243 N.E.2d 495.) However, one may not assert the defense of inability to pay when one has voluntarily created such an incapacity. (*County of Cook v. Lloyd A. Fry Roofing Co.*) As stated in *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 604:

> "Not every order for payment of money is enforceable by imprisonment for contempt. It is only where the disobedience is willful. (*Humpa v. Hedstrom*, 345 Ill. App. 289, 102 N.E.2d 686; *Tudor v. Firebaugh*, 364 Ill. 283, 4 N.E.2d 393; *LaRue v. LaRue*, 341 Ill. App. 411, 93 N.E.2d 823.) There is no contempt where the failure of a person to obey such an order is due to poverty, insolvency or other misfortune (*O'Callahan v. O'Callahan*, 69 Ill. 552, *LaRue v. LaRue*, 341 Ill. App. 411, 93 N.E.2d 823, 12 I.L.P. §33 Contempt) unless such person's inability to pay is the result of a wrongful or illegal act or he has willfully placed himself in such a position. (*Cox v. Rice*, 375 Ill. 357, 31 N.E.2d 786; *Adams v. Rakowski*, 319 Ill. App. 556, 49 N.E. 2d 733; *McAtee v. McAtee*, 116 Ill. App. 511.)"

■■ In the instant case there was never any finding that the respondent wrongfully converted or voluntarily put out of his reach funds belonging to the incompetent. Respondent contended that the sums received were gifts from his son and the trial court found that this contention was not supported by the evidence. There is no finding that the respondent committed a wrongful or illegal act or that he wilfully placed himself in the position of not being able to pay. Thus, if the respondent, without fault, is unable to pay, his failure to comply with the court's order is not punishable by contempt.

The trial court's order of commitment found respondent to be in wilful contempt. However, this finding is completely unsupported by the evidence. The only evidence of record concerning respondent's ability to pay is his financial statement showing assets of $15,320 and an annual income of $7,628. There is no evidence that the respondent could pay the court-ordered $33,568.75 plus statutory interest. Indeed, when the subject of the respondent's ability to pay arose at the hearing on the rule to show cause, the court stated that it "was not concerned with that." Since the evidence indicates that the respondent was not able to pay the money due and since there is no showing that the respondent has committed a

wrongful or illegal act or has voluntarily created the inability to pay, the order of the trial court holding respondent in contempt must be reversed.

Petitioner cites *In re Estate of Porter* (1963), 43 Ill. App. 2d 416, 193 N.E.2d 617, for the proposition that in a citation proceeding the petitioner does not have to prove that the respondent was able to comply with a court order before he may be judged to be in contempt. We do not believe that *Porter* stands for such a broad proposition of law. In *Porter* the court stated that there was a determination that the respondent had wrongfully converted to his own use funds belonging to an incompetent. The court in *Porter* further stated that they were not persuaded by respondent's testimony that he was not able to comply with the court's order. In the instant case the trial court did not find that respondent wrongfully converted the money. Instead, the trial court found merely that respondent's contention that the monies were a gift was not supported by the evidence. Also distinguishing this case from *Porter* is the fact that at the hearing on the rule to show cause in the instant case, the trial court did not even consider respondent's ability to pay before holding respondent in contempt.

For the foregoing reasons we reverse the order of the trial court and remand for further hearings consistent with the views expressed in this opinion.

Order reversed; cause remanded.

MEJDA, P. J., and McNAMARA, J., concur.