ARTHUR L. JOHNSON, by Terry K. Field, his agent, Plaintiff-Appellee, *v.* DORVAN C. ROLSTON, Defendant-Appellant.

Second District (2nd Division)   No. 75-480

Opinion filed January 28, 1977.

Ralph Ruebner, Michael M. Mulder, and J. Daniel Stewart, all of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal by defendant from an order finding him in contempt of court for "willfully" refusing to comply with an order directing him to comply with an order entered more than one year earlier.

The sole issue presented is whether the defendant's incarceration under such circumstances violated the equal protection clause of the fourteenth amendment and article I, section 14, of the Illinois Constitution forbidding imprisonment for debt as therein provided.

After a default judgment was entered for $312.50 against the defendant, plaintiff commenced supplementary proceedings to discover assets

pursuant to section 73 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 73). As a result, by agreement, defendant was ordered on March 12, 1974, to pay $145.10 on April first and $100 on the first day of each month thereafter until the judgment and costs were fully paid. When defendant failed to make the payments plaintiff filed a petition for a rule to show cause why defendant should not be held in contempt for his failure to comply with that order. Upon defendant's appearance *pro se* at the hearing (after issuance of a bench warrant), he testified that he had lost his job, gave other information requested and testified that he was unable to pay because he had no assets or source of income. The trial court directed plaintiff's attorney to verify certain of the defendant's testimony. At the continued date of that hearing, August 6, 1975, plaintiff's counsel informed the court that he had verified defendant's testimony and moved to dismiss the supplementary proceeding. The court granted that motion. The court then on its own motion found the defendant in contempt of court. The court further appointed the Public Defender to represent the defendant and scheduled a sentencing hearing for August 14, 1975. On that date the plaintiff's attorney reminded the court that he had on his own motion dismissed the proceedings against the defendant on August 6, 1975, and requested to be excused. The court granted his request and he left the court room. Defendant's court-appointed attorney (the Public Defender) made a plea on behalf of his client.

The court, after finding that defendant's failure to pay was willful, entered the following order:

> "It is, therefore, ordered, that the said Dorvan Rolston, be and is hereby ordered committed to the Winnebago County Jail, Rockford, Illinois for a period of six (6) months, there to remain charged with said contempt, until the sentence has been served or until he has purged himself of said contempt by paying to the circuit clerk of Winnebago County, the sum of $312.50, plus interest and cost of these proceedings, to be applied on the judgment heretofore entered in the above entitled cause, the clerk to transmit said funds to plaintiff, if and when received, or until said respondent is released by due process of law. Warrant and Mittimus for such committment to issue instanter, direct to the Sheriff to execute."

In *County of Cook v. Lloyd A. Fry Roofing Co.* (1974), 59 Ill. 2d 131, 135, the court said:

> "Contempt proceedings have been generally classified as civil or criminal, although we have recognized that each may entail similar characteristics. [Citation.] However, an attempt by a court to

compel compliance with its orders may be categorized as civil contempt. [Citations.]"

■■ ■ Imprisonment for criminal contempt is inflicted as a punishment for that which has been done, whereas imprisonment for civil contempt is usually coercive, and, as was said in the case of *In re Nevitt* (8th Cir. 1902), 117 F. 448, 461, " ' * * * [the contemnor] carries the key of his prison in his own pocket * * *.' " (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 410.) We feel that the order of the court in this case was coercive—the defendant could purge himself by payment of the amount set forth. It is, therefore, in our opinion, a civil contempt.

■■ As the court said in *In re Estate of Jones* (1976), 37 Ill. App. 3d 1041, 1043, citing *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549:

" 'Not every order for payment of money is enforceable by imprisonment for contempt. It is only where the disobedience is willful. [Citations.] There is no contempt where the failure of a person to obey such an order is due to poverty, insolvency or other misfortune [citations] unless such person's inability to pay is the result of a wrongful or illegal act or he has willfully placed himself in such a position. [Citations.]' "

While the trial court here in its order of commitment found that " * * * no sufficient cause is shown by him why he should not comply with the aforesaid order, but that although able to do so, wilfully failed and refused to obey the aforesaid order of this court," these findings are completely unsupported by the evidence. On the contrary, the record affirmatively shows that the defendant did not have the ability to pay.

The plaintiff's attorney, who investigated defendant's testimony concerning his financial condition at the court's request, so concluded, and so informed the court, and he (plaintiff's attorney) moved to dismiss the supplementary proceeding. The trial court obviously came to the same conclusion since he found the defendant indigent and appointed the Public Defender to represent defendant at the sentencing hearing and subsequently appointed the State Appellate Defender to represent defendant on appeal.

Based on the above, the judgment of the circuit court of Winnebago County is reversed.

Judgment reversed.

SEIDENFELD and GUILD, JJ., concur.