MELBOURNE CORPORATION, Plaintiff-Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.

First District (1st Division) No. 79-2394

Opinion filed February 17, 1981.—Rehearing denied March 23, 1981.

Maurice L. Davis, of Hoffman & Davis, of Chicago, for appellant.

Robert L. Kiesler and Marvin D. Berman, both of Kielser & Berman, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Melbourne Corporation, brought an action against United States Fidelity and Guaranty Company upon a surety bond issued by it. The trial court entered judgment for defendant. Plaintiff appeals, arguing that the conservator of an estate committed a devastavit by not paying a claim after plaintiff made a demand and that it is entitled to recover from the surety.

We affirm.

On December 5, 1974, Melbourne Corporation obtained a judgment of $7,785.21 against the estate of Sophie Jarosz, an incompetent, for nursing home care rendered. At the time the judgment was entered, there was insufficient cash in the estate from which to satisfy the judgment.

In August 1977, the realty was sold for $11,892.83. Between January 1, 1978, and March 29, 1978, the estate realized $5,417.11 from the sale of securities. Melbourne allegedly made a demand for payment on March 29, 1978. The conservator of the estate did not pay and Melbourne consequently filed an action against the conservator's surety United States Fidelity and Guaranty Company.

Melbourne filed this action against United States Fidelity and Guaranty Company pursuant to the devastavit section of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 24—17). This section provides as follows:

> "The failure or refusal of a representative to pay any money or deliver any property to the person entitled thereto in pursuance of the lawful order of the court within 30 days after demand therefor amounts to a devastavit and an action upon the representative's bond may be forthwith instituted and maintained. The failure or refusal to pay or deliver is sufficient breach of the condition of the bond to authorize a recovery thereon against the representative and his surety, or either."

The trial court entered judgment in favor of defendant upon its finding that a devastavit occurs only where the conservator having the means to pay or deliver, deliberately fails or refuses to do something.

On appeal, Melbourne argues that a surety may be sued on a conservator's bond whenever the conservator does not pay a creditor of the estate. It further contends that the failure of the conservator to pay within 30 days after the written demand is made automatically establishes its right under the devastavit statute to sue the surety and collect under the surety bond.

■■ We agree with the trial court's interpretation of the statute. Devastavit

is generally defined as mismanagement or misappropriation of an estate resulting in a loss (*Moody Bible Institute v. Pettibone* (1937), 289 Ill. App. 69, 6 N.E.2d 676) and involves wrongdoing by one in charge of the estate. (*Cox v. Rice* (1940), 375 Ill. 357, 31 N.E.2d 786.) Here, there is no evidence of any wrongdoing by the conservator. The mere fact that the estate had insufficient assets to pay all creditors is not of itself proof of mismanagement or misappropriation.

Furthermore, we note that representatives of estates are required to pay claims against an estate as they have money therefore. (Ill. Rev. Stat. 1977, ch. 110½, par. 18—15.) Conversely, if the representative has insufficient funds with which to pay the claims, his failure to pay would not be wrongful. Here several nursing homes had judgments against the estate for services rendered to the incompetent. These claims far exceeded the value of the estate.

The probate court ordered that each claimant be paid a proportionate share of the estate. Had Melbourne's claim been paid in full, the other creditors with equally valid claims would have received less than that to which they were entitled. In this sense, the conservator had insufficient funds from which to satisfy Melbourne's claim.

■■ We therefore find that the conservator's conduct did not constitute a failure or refusal to pay which would give rise to an action against his surety on the bond. We agree with the trial court that a devastavit occurs only in instances where a representative has the ability to pay or deliver, but deliberately fails or refuses to perform after a demand has been made.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.